## ISHAM HENDERSON v. E. R. TRAVIS.

In order to dissolve an attachment, satisfactory proof should be furnished in opposition to the oath of the plaintiff; and where the defendant has gone to California under circumstances which rendered his return doubtful, the attachment ought not to be set aside, although he had expressed the intention of returning.

By the Constitution of the State, all rights of citizenship shall be lost by two years consecutive absence.

APPEAL from the District Court of Carroll, *Richardson*, J.   *Lewis Selby*, for plaintiff.   The judgment of the court was pronounced by

PRESTON, J.   On the 9th of July, 1850, the plaintiff caused an attachment to be issued against the property of the defendant on the affidavit of his agent, that the defendant had left the State permanently.

On the 26th of November, 1850, the defendant, by his attorney, moved to dissolve the attachment, on the ground that so much of the affidavit as avers that the defendant had left the State permanently, is wholly untrue and false ; and that so far from such being the case, the defendant is only temporarily absent from the State ; claims never to have changed his domicil from the parish of Carroll, and openly and distinctly avowed before and at the time of his leaving for California that his positive intention was to return soon ; that he left the great bulk of his property in the parish, and placed on record in the recorder's office a power of attorney, giving his attorney in fact full power to collect what was owing to him, to pay his debts, to sue and be sued, and transact all his business in his absence.   On the 9th of December, 1850, the court, after hearing testimony in support of the motion, dissolved the attachment.

It appears that the defendant gave a full power of attorney to his brother-in-law on the 20th of May, 1850, and left with him his property and child, and went to California.   The attorney in fact is of opinion that he thought his property would be sufficient to pay his debts.   In leaving, he said it was his inten-

tion to return, and that he would not be gone longer than two years, perhaps <span style="float:right">HENDERSON<br>v.<br>TRAVIS.</span> not more than one. A letter had been received from him : he had been to the mines, but was returning to San Francisco to seek business, and if he did not get it he would go on to Oregon.

On the other hand, the testimony satisfies us that the defendant is insolvent; that he is a defaulter to the State and parish for taxes, with the collection of which he was charged ; that he has obtained time from the State, and was sued by the parish; and that he left the parish with no fixed determination whether to go to Cuba or California, but to leave the State in the hopes in some distant country of repairing his broken fortune ; and that he left the State with the intention of engaging in business abroad ; and that he barely hoped to be able to return in less than two years, the time of his return being wholly dependant upon his success.

But few leave the place where they have long resided without the lingering hope of return, and without at least holding out that hope to their friends in parting ; but with those who have been unfortunate, the hope depends upon their success in repairing their misfortunes—an event so uncertain that it can weigh but little in legal contemplation. He who is seeking business in another quarter of the globe, holds out so strong a presumption against the retention of his domicil and business here, where he has been unfortunate, that it should be rebutted by irresistible proof in order to arrest legal proceedings based upon the belief that he had abandoned his residence in the State. It has been frequently held, that satisfactory proof should be furnished in opposition to the oath of the plaintiff in order to dissolve an attachment. And in the case of *Comly* it was held, that his return was not sufficient, he having left under suspicion of being a defaulter to a bank. 1 R. R. 231. 3 R. R. 363. 9 R. R. 90. 12 M. R. 533. The testimony renders it probable that the defendant, in leaving Louisiana, had no specific or temporary business in view, or fixed intention ever to return. It certainly satisfies us that he had no fixed intention of returning in less than two years. Now, absence for two years is the time established by law by which residence acquired in the State shall be lost. Acts of 1818. Moreover, by the Constitution of the State, all rights of citizenship shall be lost by absence for two consecutive years.

We think the district court erred in dissolving the attachment, and that its dissolution would cause irreparable injury to the plaintiff.

It is therefore decreed, that the order dissolving the attachment in this case be annulled ; the case is remanded for further proceedings according to law; and that the defendant be condemned to pay the costs of this appeal.